UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:24-cv-14402-KMM

SARA VARGAS,

    Plaintiff,

v.

INDIAN RIVER COUNTY SHERIFF'S OFFICE,

    Defendant.
                                           /

**ORDER**

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 8). The matter was referred to Magistrate Judge McCabe, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 4). Magistrate Judge McCabe issued an R&R recommending that Defendant's Motion to Dismiss ("Motion" or "Mot.") (ECF No. 6) be GRANTED and Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice. Neither Defendant nor Plaintiff objected to the R&R, and the time to do so has now passed. *See* (ECF No. 9). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

    **I.**    **LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II. DISCUSSION

This is a pro se civil rights case against Defendant Indian River County Sheriff's Office ("Defendant"). *See* (ECF No. 1-1). Plaintiff Sara Vargas ("Plaintiff") alleges that on May 31, 2024, deputies employed by Defendant arrived at Plaintiff's home without a warrant, unlawfully performed a search and seizure of Plaintiff's friend, and unjustly shot Plaintiff's dog. R&R at 1. The Complaint alleges seven claims against Defendant: (1) Unreasonable Search and Seizure in violation of the Fourth Amendment (Count I); (2) Deprivation of Property without Due Process in violation of the Fourteenth Amendment (Count II); (3) Civil Rights Violations in violation of 42 U.S.C. § 1983 (Count III); (4) Cruelty to Animals in violation of Fla. Stat. § 828.123 (Count IV); (5) Trespassing in violation of Fla. Stat. § 810.08 (Count V); (6) Liability for Injuries to Animals in violation of Fla. Stat. § 828.30 (Count VI); and (7) Child Abuse and Neglect in violation of Fla. Stat. § 39.301 (Count VII). *Id.* at 1–2.

Defendant seeks dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Mot. Defendant argues the claims should be dismissed because: (1) Defendant is not a proper defendant to this Action; (2) Plaintiff failed to provide pre-suit notice to

Defendant in violation of Florida Statute § 768.28; (3) the Complaint is a shotgun pleading; and (4) Plaintiff does not have standing to seek damages on behalf of non-plaintiffs. *See id.* at 1–5. Plaintiff did not respond to Defendant's Motion.

As set forth in the R&R, Magistrate Judge McCabe recommends that the Court grant Defendant's Motion and dismiss Plaintiff's Complaint without prejudice. *See generally* R&R. In the R&R, Magistrate Judge finds that: (1) Defendant is not a proper Defendant to this Action because it is not a legal entity capable of being sued; (2) the Complaint fails to allege facts to demonstrate compliance with the pre-suit notice requirement of Fla. Stat. § 768.28(6)(a); (3) the Complaint violates the rule against shotgun pleadings as it is fails to present a short and plain statement for each count and is conclusory and vague; and (4) the Complaint fails to demonstrate standing for all claims. *Id.* at 3–8.

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge McCabe's findings that Defendant's Motion should be granted and that the case should be dismissed without prejudice.

### III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Report and Recommendation, the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 8) is ADOPTED.

Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an Amended Complaint on or before March 5, 2025.

DONE AND ORDERED in Chambers at Miami, Florida, this  12th   day of February, 2025.

*K. M. Moore*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record